IN RE: THE ESTATE OF CARLTON ) C/A No. 01A01-9810-PB-00550
AGIB BLESSING, Deceased ) WILSON COUNTY
)
LAURA EMILY BLESSING WARD )
)
    Petitioner-Appellant )
)
    v. )
)
JOHN O. BLESSING AND SARAH )
L. JONES, CO-EXECUTORS )
)
    Defendants-Appellees )

**FILED**

**June 29, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS AT NASHVILLE**


APPEALED FROM THE GENERAL SESSIONS COURT OF WILSON COUNTY,
PROBATE DIVISION

THE HONORABLE ROBERT P. HAMILTON, JUDGE

Thomas E. Watts, Jr.
201 Fourth Avenue, North, Suite 1260
P. O. Box 198494
Nashville, TN 37219

    Attorney for Petitioner-Appellant


Vester Neal Agee, Sr.
AGEE & AGEE
104-1/2 Public Square
P. O. Box 649
Lebanon, TN 37088

    Attorney for Defendants-Appellees


**AFFIRMED AND REMANDED**


        **Houston M. Goddard, Presiding Judge**


CONCUR:

FRANKS, J.
SUSANO, J.

This is a suit by Laura Emily Blessing Ward, only child of Carlton Agib Blessing, seeking to have her cousins, John O. Blessing, and Sarah L. Jones, who are the nephew and niece, and also step-children of the deceased, removed as personal representatives of her father's estate.

The Trial Court dismissed Ms. Ward's suit at the conclusion of her proof, resulting in this appeal which raises the following three issues:

1. Whether the Co-Executors' hostility toward Laura Emily Blessing Ward, the daughter and only child of Carlton A. Blessing, deceased, which hostility was evidenced by their unfair treatment of Ms. Ward in the course of the administration of Mr. Blessing's estate, required the removal of the Co-Executors.

2. Whether the Trial Court properly excluded all evidence of physical abuse of Carlton A. Blessing and conversion of Carlton A. Blessing's assets by John O. Blessing, one of the Co-Executors, prior to Mr. Blessing's death, which evidence Plaintiff contends showed John O. Blessing's lack of awareness of, or contempt for, the obligations of a fiduciary, and which mistreatment greatly contributed to the hostility between the parties.

3. Whether the Trial Court properly excluded evidence of the conversion of certain of Carlton A. Blessing's assets by John O. Blessing, one of the Co-Executors, prior to Mr. Blessing's death, which conversion was not objected to by the other Co-Executor, and which conversion and lack of objection showed that the Co-Executors were either ignorant or contemptuous of the responsibilities of a fiduciary and so were incapable of fulfilling their fiduciary duties as Co-Executors.

The standard of review as to dismissal of a non-jury case at the conclusion of the plaintiff's proof is set out in the case of <u>City of Columbia v. C.F.W. Const. Co.</u>, 557 S.W.2d 734 (Tenn.1977), wherein the Supreme Court stated the following (at page 740):

> The motion authorized by this rule is not to be confused with a motion for directed verdict which is authorized by Rule 50, Tennessee Rules of Civil Procedure. Motions for a directed verdict are neither necessary nor proper in a case which is being tried without a jury. Motions for dismissal in non-jury cases under Rule 41.02(2), Tennessee Rules of Civil Procedure, and motions for directed verdicts in jury cases under Rule 50, Tennessee Rules of Civil Procedure, are somewhat similar, but, there is a fundamental difference between the two motions, in that, in the jury case, the judge is not the trier of facts while in the non-jury case he is the trier of the facts. In the jury case he must consider the evidence most favorably for the plaintiff, allow all reasonable inferences in plaintiff's favor and disregard all counteracting evidence, and, so considered, if there is any material evidence to support a verdict for plaintiff, he must deny the motion. But in the non-jury case, when a motion to dismiss is made at the close of plaintiff's case under Rule 41.02(2), the trial judge must impartially weigh and evaluate the evidence in the same manner as though he were making findings of fact at the conclusion of all of the evidence for both parties, determine the facts of the case, apply the law to those facts, and, if the plaintiff's case has not been made out by a preponderance of the evidence, a judgment may be rendered against the plaintiff on the merits, or, the trial judge, in his discretion, may decline to render judgment until the close of all the evidence. The action should be dismissed if on the facts found and the applicable law the plaintiff has shown no right to relief.

As to the first issue, we deem it appropriate to affirm the Trial Court under the authority of Rule 10(a) of this Court.

3

As to the other two issues, the Trial Court was of the opinion that only misdeeds on the part of the personal representatives which occurred after their qualifications as such would be competent to show that they should be removed, and excluded any evidence of prior misconduct. We are inclined to believe that the Trial Court was correct in this determination.

Moreover, even if the excluded evidence, which was preserved by an offer of proof, had been admitted, it was, in our view, insufficient to warrant removal. The most serious complaint was that Mr. Blessing, operating under a power of attorney from the deceased, had the Beneficiary in a $5000 life insurance policy changed from himself and five other individuals, including Ms. Ward, to himself alone. The undisputed proof shows, however, that the changes were made in accordance with the wishes of the deceased. We also note that at trial Mr. Blessing, through counsel, offered to pay to Ms. Ward one-sixth of the proceeds of the policy, which is all she would have received had no change of beneficiary occurred.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary, and collection of costs below. Costs of appeal are adjudged against Ms. Ward and her surety.

4

                                    _____
                                    Houston M. Goddard, P.J.


CONCUR:



_____
Herschel P. Franks, J.



_____
Charles D. Susano, Jr., J.